FRANK M. PACHECO, State Bar Number 163467
LAW OFFICE OF FRANK PACHECO
11 South San Joaquin Street, Suite 506
Stockton, CA 95202
Telephone: (209) 937-0644

Attorney for Elida Arias and Jose Martinez, Plaintiffs

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIDA ARIAS and JOSE J. MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, JON VERA, ART DE WERK, and CITY OF CERES.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**[42 U.S.C. SECTION 1983]**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

## GENERAL ALLEGATIONS

1. This is an action brought under 42 U.S.C. § 1983 to recover damages against Defendants for violation of Plaintiff's right to freedom of speech, to be free from unreasonable searches, to be free from unreasonable seizures, and to be free from use of excessive force guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs ELIDA ARIAS (hereinafter referred to as "Plaintiff ARIAS") and JOSE J. MARTINEZ (hereinafter referred to as "Plaintiff MARTINEZ") are, and at all times mentioned in this complaint were, citizens of the United States, and residents of the County of Stanislaus,

1. California, and members of a class of ethnicity known as Hispanic-Americans.

4. Plaintiff is informed and believes and thereon alleges that the Defendants are residents of the County of Stanislaus, California. Venue is therefore proper under 28 U.S.C. § 1931(b).

5. A substantial part of the events giving rise to this action occurred in the County of Stanislaus, California. Venue is therefore proper under 28 U.S.C. 1391(b).

6. Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA are, and at all times mentioned in this complaint were, agents of the municipality, the City of Ceres, employed by the City of Ceres Police Department as law enforcement officers.

7. Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA are, and at all times mentioned in this complaint were, acting in the course and scope of their employment with the municipality, the City of Ceres, and the City of Ceres Police Department.

8. Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA are, and at all times mention in this complaint were, acting under color of state law.

9. Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA are sued in their individual capacities. Defendant DEBRA BORGES is a female supervisory law enforcement officer. Defendants JULIO AMADOR, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA are male non-supervisory law enforcement officers.

10. Defendant CITY OF CERES is, and at all times herein mentioned was, a municipal corporation, duly organized under the laws of the State of California and situated in the County of Stanislaus.

11. Defendant ART DE WERK is the Chief of Police of the municipality of the City of Ceres, California and the acting City Manager of the municipality of the City of Ceres, and at all times herein mentioned was acting under color of law, to wit: under the color of the statutes,

Complaint for Damages [42 U.S.C. Section 1983]
2

ordinances, regulations, policies, customs, and usages of the State of California and/or the Defendant CITY OF CERES.

12. On or about April 15, 2010, Plaintiffs went to the Walmart Store located at 1670 Mitchell Road, Ceres, California to return an Xbox 360. Plaintiff ARIAS went to the Walmart return desk while Plaintiff MARTINEZ went the Walmart electronic section to get a different Xbox 360. A minor disturbance then arose in the store between Plaintiff MARTINEZ and an inebriated customer. Plaintiff MARTINEZ left the store at the request of Walmart employees and waited for his domestic partner (i.e. Plaintiff ARIAS) in her vehicle located in the Walmart parking lot.

## FIRST CAUSE OF ACTION
[42 U.S.C. § 1983, Illegal Seizure, Illegal Search, Excessive Use of Force]

By Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA,

Plaintiffs allege:

13. Plaintiffs refer to and herein incorporates Paragraphs 1 through 12 of the General Allegations of this Complaint as though fully set forth herein.

14. On April 15, 2010, despite having violated no laws of this state, Defendant JASON COLEY, of the municipality of the City of Ceres Police Department arrived, detained, and arrested Plaintiff MARTINEZ, handcuffed Plaintiff MARTINEZ into an unlocked set of handcuffs, placed him in a fiberglass or plastic hard back seat of a patrol vehicle without seat-belting him in, and detained him there for approximately one hour with only one window of the patrol vehicle down about 4 inches causing Plaintiff to be subjected to extremely high interior patrol vehicle temperatures. Defendant JASON COLEY immediately called for Plaintiff ARIAS' BMW vehicle to be towed prior to any arrest of Plaintiff ARIAS. Thereafter the other above-name Defendants male officers arrived on scene and became aware that Plaintiff

1  MARTINEZ was suffering symptoms of excessive heat exposure but did nothing to lessen
2  Plaintiff MARTINEZ torturous conditions. Plaintiff MARTINEZ, handcuffed and confined in
3  the back seat of JASON COLEY'S patrol vehicle, suffering from heat exposure, then witnessed
4  the battery of his domestic partner, Plaintiff ARIAS, by the above-named Defendant male
5  officers for merely approaching Plaintiff MARTINEZ and asking if he was ok. Ambulance
6  personnel were dispatched, arrived and examined Plaintiff MARTINEZ'S condition. While
7  ambulance personnel were present Plaintiff MARTINEZ requested medical treatment for the
8  battery of Plaintiff ARIAS that he had witnessed. Ambulance personnel further requested that
9  the above-named Defendant male officers loosen Plaintiff MARTINEZ handcuffs and open the
10 windows to the patrol vehicle, however none of the above-named Defendant male officers
11 intervened to lessen the torturous conditions of Plaintiff MARTINEZ'S confinement.
12 Subsequently, Plaintiff MARTINEZ was subjected to a violent patrol vehicle transport to the
13 Stanislaus County Sheriff's jail wherein Defendant JASON COLEY repeatedly accelerated, then
14 slammed on the brakes of his patrol vehicle to cause Plaintiff MARTINEZ'S face to hit the back
15 screen of the patrol vehicle, whiplash Plaintiff's MARTINEZ'S neck and back, and to cause
16 Plaintiff MARTINEZ'S unlocked handcuffs to repeatedly tighten against his wrists. Moreover,
17 Defendant JASON COLEY did not transport Plaintiff MARTINEZ from the Ceres Walmart by
18 the most direct route to the Stanislaus County Sheriff's jail facility in Modesto but instead drove
19 his patrol vehicle in the opposite direction and onto residential streets in the City of Ceres and
20 past parks to effect the violent accelerating and slamming of brakes of Defendant JASON
21 COLEY's vehicle so as to deliberately subject Plaintiff MARTINEZ to physical injury to this
22 face, back, neck and wrists so as to terrorize and torture Plaintiff MARTINEZ.
23    15. On April 15, 2010, after the arrest and confinement of Plaintiff MARTINEZ,
24 Plaintiff ARIAS exited the Walmart store and discovered her domestic partner (i.e. Plaintiff
25 MARTINEZ) detained in the back of a patrol vehicle parked directly behind her 1995 BMW
26 suffering from heat exposure surrounded by the above-named Defendant male police officers and
27 some Walmart employees. Plaintiff ARIAS was told that her vehicle was being towed by
28

Defendant JULIO AMADOR and he asked for her identification. Plaintiff ARIAS complied and handed her identification to Defendant JULIO AMADOR. Plaintiff ARIAS then heard her domestic partner Plaintiff MARTINEZ state that he needed an ambulance. Plaintiff ARIAS turned and leaned over towards the rear of the patrol vehicle, and noticed Plaintiff MARTINEZ being affected by the extreme interior temperatures of the patrol vehicle and asked her domestic partner if he was ok.

16. Despite having broken no laws of this state, the above-named Defendants, and each of them, except for Defendant DEDRA BORGES, who had not yet arrived on scene, of the municipality of the City of Ceres Police Department yelled at Plaintiff ARIAS to get away from the patrol vehicle, startled by the extremely loud yelling immediately behind her, Plaintiff ARIAS turned around and suddenly faced Defendant JULIO AMADOR right in her face and, still startled, exclaimed "What bitch?" The above-named Defendants, male officers, then grabbed Plaintiff ARIAS and pushed her onto the left rear tire-well trunk of the patrol vehicle and assaulted Plaintiff ARIAS who did not resist the Defendants' attack in any way whatsoever. Defendants, and each of them, except Defendant DEDRA BORGES, began kicking & kneeing Plaintiff ARIAS in the lower back, back legs and buttocks, smashing her legs and thighs against the patrol vehicle wheel-well. Defendants twisted Plaintiff ARIAS' neck, hands, and right wrist, pulled her violently side-to-side by her purse and further slammed Plaintiff ARIAS head on the patrol vehicles trunk thereby dazing Plaintiff ARIAS and causing Plaintiff ARIAS to suffer a concussion. At no time did Plaintiff ARIAS resist the Defendants. Defendants further took Plaintiff ARIAS' cellular telephone and tried to ease its contents to destroy any evidentiary value it may have contained regarding the battery of Plaintiff ARIAS. Plaintiff ARIAS was then handcuffed and Defendants, male police officers, "chicken winged" (i.e. held Plaintiff ARIAS high up by her handcuffed arms) her to a patrol vehicle where they confined her into the back seat of a patrol vehicle.

17. While confined to PAT DAYTON'S patrol vehicle Plaintiff ARIAS expressed that her arrest was wrongful and that the Defendants "sucked as officers," and the statement was

Complaint for Damages [42 U.S.C. Section 1983]
5

1  heard by Defendant PAT DAYTON. Defendant PAT DAYTON got out of his patrol vehicle and
2  opened the back door where Plaintiff ARIAS was handcuffed, and leaned over to Plaintiff
3  ARIAS and whispered into her ear a couple of unintelligible words followed immediately by,
4  "my cock in your mouth." Plaintiff ARIAS was then left in the patrol vehicle with all the
5  windows rolled up and the doors shut causing the patrol vehicle's interior temperature to become
6  extreme. Plaintiff ARIAS then suffered exposure from the high interior vehicle temperature
7  within the patrol vehicle and began to cry and suffering emotional as well as physical harm due
8  to the terrifying torturous conditions.

9      18. Defendant DEDRA BORGES arrived on scene and removed Plaintiff ARIAS from
10 the patrol vehicle. Defendant DEDRA BORGES searched Plaintiff ARIAS, then put her back
11 into a patrol vehicle. Defendant DEDRA BORGES further refused Plaintiff ARIAS' request for
12 medical treatment after her battery by the above-named Defendant male officers and Defendant
13 DEDRA BORGES refused to allow the patrol vehicle's windows to be rolled down causing
14 Plaintiff ARIAS to suffer tortuous conditions from her exposure to the extreme heat within the
15 interior of the patrol vehicle.

16     19. Despite having broken no laws of this state, Defendants towed Plaintiff ARIAS'
17 1995 BMW vehicle depriving Plaintiff her property without due process of law resulting in
18 monetary damage to Plaintiffs in an amount of approximately $350.00.

19     20. Despite having broken no laws of this state, Plaintiff MARTINEZ was imprisoned in
20 the Stanislaus County Sheriff's jail facility for more than 6 hours and Plaintiff ARIAS was
21 imprisoned similarly for approximately 4 hours before each Plaintiff was released from custody
22 on a written promise to appear in court on June 14, 2010 in Stanislaus Superior Court to answer
23 to misdemeanor violations.

24     21. The above-named Defendants, and each of them, without informing Plaintiffs of the
25 charges against them for which they were arrested, falsely charged Plaintiff with resisting arrest,
26 delaying and obstructing Defendants, Penal Code § 148(a)(1) for which the Stanislaus County
27 District Attorney's office would subsequently not issue a complaint against Plaintiffs.
28

22. Plaintiffs filed complaints against the above-named Defendants for their wrongful actions with the City of Ceres Police Department. City of Ceres Police Department, despite viewing the wrongful conduct of the above-named Defendants observed on the Walmart security video of Plaintiffs' illegal arrest and illegal battery, the City of Ceres Police Department ratified the wrongful conduct of their employees, and failed to discipline the above-named Defendant officers.

23. In acting as alleged-above in this complaint, Defendants deprived Plaintiffs of their right to be free from unreasonable seizures, unreasonable searches, excessive use of force, equal protection of the laws, freedom of speech, freedom to question as well as redress grievances for the wrongful conduct of the officers, and the denial of their due process rights to be free from arbitrary and unreasonable actions which are secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

24. Criminal proceedings were brought against Plaintiff ELIDA ARIAS and Plaintiff JOSE J. MARTINEZ for violations of Penal Code § 148(a)(1) in Stanislaus Superior Court Case no. 1407472 and were dismissed by that court with no complaint being filed on June 14, 2010. Pursuant to California Government Code § 945.3, the statute of limitations was tolled while criminal proceedings were pending against Plaintiffs.

25. As a direct and proximate result of Defendants actions, described in this complaint, Plaintiffs have suffered injury, loss, and damage in that Plaintiffs.

26. As a direct and proximate result of Defendants actions, Plaintiffs suffered imprisonment, injured in their reputations, suffered mental anguish, embarrassment, humiliation, prevented from attending to their children, and was deprived of their constitutional rights to be free from illegal seizure, illegal search, and wrongful use of excessive force.

27. In acting as alleged in this complaint, Defendants, and each of them, acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiffs' federally protected rights.

WHEREFORE, Plaintiffs pray for damages as hereinafter set forth.

///

## SECOND CAUSE OF ACTION
**(Failure to Intercede to Prevent Violation of Plaintiffs' Constitutional Rights Under § 1983)**

By Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA.

Plaintiffs allege:

28. Plaintiffs refer to and herein incorporates Paragraphs 1 through 12 of the General Allegations of this Complaint as though fully set forth herein. Plaintiffs refer to and herein incorporates Paragraphs 13 through 27 of the First Cause of action of this Complaint as though fully set forth herein.

29. After Plaintiff MARTINEZ was falsely arrested, Plaintiff ARIAS was beaten and falsely arrested, Plaintiffs were then confined in separate patrol vehicles.

30. Plaintiffs while detained in patrol vehicles were exposed to torturously extreme high interior patrol vehicle temperatures due to rolled up windows and closed doors.

31. Defendants male officers JULIO AMADOR, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA as well the Defendant female supervisory officer DEDRA BORGES, and each of them, failed to intercede and prevent the torturous conditions of Plaintiffs confinement in extremely high interior temperatures of the patrol vehicles in which Plaintiffs were confined.

32. Plaintiff is informed and believes that Defendant MIKE PEREZ failed to intercede to prevent the illegal arrest and use of excessive force used against Plaintiff ARIAS by the other named Defendant male officers when Plaintiff ARIAS was being beaten by them, namely Defendants JULIO AMADOR, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, and JON VERA.

33. Defendant JASON COLEY failed to intercede to prevent the denial of medical assistance requested by Plaintiff MARTINEZ for Plaintiff ARIAS after her beating by the named

Complaint for Damages [42 U.S.C. Section 1983]
8

Defendant male officers.

34. Defendant DEDRA BORGES failed to intercede to prevent the denial of medical assistance requested by Plaintiff ARIAS after her illegal arrest and beating by the named Defendant male officers.

35. Plaintiff ARIAS cries for medical assistance and cries of excessive heat exposure in the interior of the patrol vehicle were ignored by Defendant DEDRA BORGES who stated to Plaintiff ARIAS that Plaintiff wasn't going nowhere and that she might start screaming if the windows were rolled down.

36. Defendant MIKE PEREZ had the opportunity both before and during the vicious beating of Plaintiff ARIAS to intercede to prevent the other Defendant male officers from subjecting Plaintiff ARIAS to excessive force and unlawful and unreasonable seizure of her person in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

37. Defendant DEDRA BORGES had the opportunity after the vicious beating of Plaintiff ARIAS to intercede to provide medical assistance to Plaintiff ARIAS and to lessen the torturous confinement of Plaintiff ARIAS in an excessively heated interior of a patrol vehicle as well as to intercede to prevent the other Defendant male officers from continuing to illegally seize Plaintiff ARIAS, deny medical treatment to Plaintiff ARIAS and expose Plaintiff ARIAS to excessive interior heat temperatures of the patrol vehicle in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

38. As a direct and proximate result of Defendants deliberate and intentional failure to intercede on behalf of Plaintiffs and prevent the violations of their constitutional rights as heretofore described, committed under the color of law and under their authority as City of Ceres Police officers, Plaintiffs suffered grievous bodily harm and mental anguish and were deprived of their right to be secure in their persons against unreasonable seizure of their persons and the excessive use of force, and in violation of their personal bodily security, in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C.

§ 1983.

39. In acting as alleged in this complaint, Defendants, and each of them, acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiffs' federally protected rights.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

///

### THIRD CAUSE OF ACTION
[Conspiracy to Violate Plaintiff's Civil Rights under 42 U.S.C. § 1983]

By Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA,

Plaintiffs allege:

40. Plaintiffs refer to and herein incorporates Paragraphs 1 through 12 of the General Allegations of this Complaint as though fully set forth herein. Plaintiffs refer to and herein incorporates Paragraphs 13 through 27 of the First Cause of action of this Complaint as though fully set forth herein. Plaintiff refers to and herein incorporates Paragraphs 28 through 39 of the Second Cause of Action of this Complaint as though fully set forth herein.

41. Defendants, and each of them, acting in their individual capacities and under color of state law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiffs civil rights, to wit:

a. Defendants agreed and acted to intentionally falsely arrest and imprison Plaintiffs as heretofore described;

b. Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiffs as heretofore described;

c. Defendants agreed and acted to intentionally submit false police reports, statements, and testimony to support and corroborate the fabricated charges lodged against Plaintiff;

d. Defendants agreed and acted to intentionally beat, threaten, use force that was

excessive, and to intimidate and terrorize Plaintiffs;

e. Defendants agreed and acted to intentionally punish Plaintiffs for having exercised constitutionally protected rights to confront and question the conduct and performance of such public officers and others.

42. As a direct and proximate result of the conspiracy between Defendants and others as heretofore described, Plaintiffs were detained, arrested, exposed to excessive force, beaten, terrorized, imprisoned, deprived of their personal property, and were deprived of their rights to be free from unreasonable and unlawful seizure, to be free from illegal searches, to equal protection of the laws, and to their due process rights to be free from arbitrary and unreasonable actions, which are secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

43. In acting as alleged in this complaint, Defendants, and each of them, acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiffs' federally protected rights.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

///

**FOURTH CAUSE OF ACTION**
**[Denial of Medical Attention by Defendants Cognizable under 42 U.S.C. § 1983]**

By Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA,

Plaintiffs allege:

44. Plaintiffs refer to and herein incorporates Paragraphs 1 through 12 of the General Allegations of this Complaint as though fully set forth herein. Plaintiffs refer to and herein incorporates Paragraphs 13 through 27 of the First Cause of action of this Complaint as though fully set forth herein. Plaintiff refers to and herein incorporates Paragraphs 28 through 39 of the Second Cause of Action of this Complaint as though fully set forth herein. Plaintiffs refer to and

herein incorporates Paragraphs 40 through 43 of the Third Cause of Action of this Complaint as though fully set forth herein.

45. After Defendants had beaten Plaintiff ARIAS, handcuffed Plaintiff ARIAS, and placed Plaintiff ARIAS in the back of a patrol vehicle. Plaintiff MARTINEZ requested of Defendants that his domestic partner, Plaintiff ARIAS, should be given immediate medical assistance by the responding ambulance personnel on scene. Defendants, and each of them, refused to require responding ambulance personnel to check on the condition of Plaintiff ARIAS beaten and confined to extreme interior temperatures of a patrol vehicle with the windows and doors closed shut.

46. Subsequently Defendant DEDRA BORGES arrived on scene and removed Plaintiff ARIAS from the patrol vehicle and searched Plaintiff ARIAS. Plaintiff ARIAS requested that Defendant DEDRA BORGES to allow the ambulance personnel on scene to attend to her injuries suffered when officers beat her. Defendant DEDRA BORGES refused and placed in back into a patrol vehicle again with the windows and doors closed shut exposing Plaintiff ARIAS to extreme interior patrol vehicle temperatures to terrorize and torture Plaintiff ARIAS.

47. Plaintiff ARIAS was subsequently transported to the Stanislaus County Sheriff's jail facility by Defendant JULIO AMADOR, and imprisoned for approximately 4 hours. Plaintiff ARIAS was examined by a male jail nurse who believed her arm to be broken and requested that Plaintiff ARIAS be released from custody to attend to her medical needs. As a result Plaintiff ARIAS was unable to receive medical treatment until she was released from custody and returned to her residence where it was necessary to call an ambulance because the named Defendants male officers had illegally towed her vehicle.

48. As a direct and proximate result of the heretofore described unlawful and deliberate indifferent actions of Defendants, and each of them, committed under color of law and under their authority as City of Ceres police officers, Plaintiffs suffered grievous bodily harm and were deprived of their rights to be free from punishment and to due process of law as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §

1983.

49. In acting as alleged in this complaint, Defendants, and each of them, acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiffs' federally protected rights.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

///

## FIFTH CAUSE OF ACTION
[Municipality & Supervisory Liability Cognizable Under § 1983, Failure to Train]

By Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants CITY OF CERES and ART DE WERK,

Plaintiffs allege:

50. Plaintiffs refer to and herein incorporates Paragraphs 1 through 12 of the General Allegations of this Complaint as though fully set forth herein. Plaintiffs refer to and herein incorporates Paragraphs 13 through 27 of the First Cause of action of this Complaint as though fully set forth herein. Plaintiff refers to and herein incorporates Paragraphs 28 through 39 of the Second Cause of Action of this Complaint as though fully set forth herein. Plaintiffs refer to and herein incorporates Paragraphs 40 through 43 of the Third Cause of Action of this Complaint as though fully set forth herein. Plaintiffs refer to and herein incorporates Paragraphs 44 through 49 of the Fourth Cause of Action of this Complaint as though fully set forth herein.

51. Defendants CITY OF CERES and ART DE WERK, as Chief of Police, and as acting City Manager, knew or in the exercise of due diligence should have known that the conduct of the other above-named Defendant officers was likely to occur.

52. Defendants CITY OF CERES and ART DE WERK failed to take any preventive or remedial measures to guard against the conduct of the other above-named officers as more fully set forth in this Complaint. Had Defendants CITY OF CERES and ART DE WERK taken such measures, Plaintiffs would not have suffered the deprivations of her and her rights as more fully set forth in this Complaint. The failure of Defendants CITY OF CERES and ART DE WERK

amounted to deliberate indifference to the rights of Plaintiffs which directly caused the deprivations suffered by Plaintiffs. Defendants CITY OF CERES and ART DE WERK failed to train, instruct, supervise, and discipline the other above-named Defendant officers, and said failure caused Plaintiffs' damages.

53. Before and after Plaintiffs illegal seizure, illegal search, exposure to use of excessive force, imprisonment and deprivation of property without due process, Defendants CITY OF CERES and ART DE WERK had knowledge of the widespread and pervasive policy, custom, practice, and usage of illegal seizures, illegal searches, use of excessive force by the other-named Defendant officers as well as by other police officers who are members of the City of Ceres Police Department committed against citizens of the United States, including members of the Hispanic-American ethnicity, and knew or should have known that such wrongs would likely be committed again against citizens, including the wrongs committed against Plaintiffs, and Defendants CITY OF CERES and ART DE WERK had the power to prevent or aid in preventing the commission of those wrongs, and neglected to do so. These wrongful acts were committed as heretofore described in this Complaint, and these wrongful acts could have been prevented by the exercise of reasonable diligence by training, instruction, supervision, and disciplining of the Defendant officers as well as other officers of the City of Ceres Police Department.

54. Plaintiff is informed and believes and thereon alleges, that Defendants CITY OF CERES and ART DE WERK permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal seizures, illegal searches, wrongful use of excessive force in general and against persons of ethnicity, including Hispanic-Americans such as Plaintiffs by police officers, including the named-Defendant officers, in that:

a. Defendants failed to discipline in any manner know incidents of wrongful arrests and use of excessive force;

b. Defendants refused to properly investigate complaints of previous and subsequent incidents of wrongful arrests and use of excessive force, and instead, officially claimed that such incidents were justified and proper.

55. Plaintiffs are informed and believe and thereon allege that specific incidents of civil rights deprivations similar to that which occurred to Plaintiffs include:

a. Citizen Derrick Delhart of Hughson filed a claim with Defendant CITY OF CERES against Defendant JON VERA for nerve damage due to tight handcuffs and erratic driving without seat belting arrested Derrick Delhart due to an arrest by Defendant JON VERA on Sept. 24, 2010;

b. Citizen Eladio Ramirez filed a claim in 2010 with Defendant CITY OF CERES against City of Ceres Police Department officer Coey Henson for using excessive force on a handcuffed Eladio Ramirez knocking him semi-conscious and causing his handcuffed hands and arms to be burned on hot asphalt;

c. Defendant CITY OF CERES hired and retained Defendant BRYAN FERREIRA with knowledge that this Defendant officer left the Merced County Sheriff's Department as one of four deputies suspected of personal steroid usage which had resulted in a complaint filed in 2004 by citizens Marcus Aue and Jason Haugen for an arrest without cause and assaults by Defendant BRYAN FERREIRA and then Deputy Johnny Mathis;

d. At least ten claims were filed by citizens in 2005 with the CITY OF CERES against several City of Ceres Police Department officers for predominately Hispanic-American and Latino neighborhood sweeps, searching homes, detaining, arresting, assaulting, and using excessive force against predominately Hispanic-American and Latino citizens of the United States.

56. Defendants CITY OF CERES and ART DE WERK have maintained an inadequate system of review of improper wrongful arrests and improper use of excessive force and have failed to discipline, more closely supervise, or retrain officers who in fact improperly arrested and improperly used excessive force against citizens, including Plaintiffs.

57. Plaintiff is informed and believes and thereon alleges that the systemic deficiencies include, but are not limited to,:

a. Preparation of investigative reports that are designed to vindicate the use of wrongful

arrests and use of excessive force, regardless of whether such actions were justified;

b. Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police witnesses, including Plaintiffs;

c. Preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d. Issuance of public statements exonerating officers involved in such incidents prior to completion of investigations; and

e. Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

58. Plaintiff is informed and believes that Defendants CITY OF CERES and ART DE WERK maintain a system of grossly inadequate training pertaining to the law of permissible arrests and the permissible use of excessive force in that officers are permitted and believe that their arrests and their use of excessive force is wholly within the officers' discretion such that of the officers systematically deprive citizens of the United States their constitutionally right to be free from illegal seizure, illegal searches and improper use of excessive force.

59. The foregoing acts, omissions, and systemic failures are customs and policies of Defendant CITY OF CERES and caused police officers of Defendant CITY OF CERES to believe that determination of the right to arrest and to use force and the allowable legal force was within their discretion and that complaints of illegal arrest and use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to illegally arrest and to use improper force against Plaintiffs.

60. Plaintiffs are informed and believe and thereon allege that said actions were undertaken by Defendant ART DE WERK in his capacity as final decision-maker pursuant to authority granted to him by Defendant CITY OF CERES and that such actions represented official municipal policy and practice.

61. As a direct and proximate result of the heretofore described acts, omissions, policies and customs of the Defendants CITY OF CERES and ART DE WERK, the above-named Defendant officers improperly arrested and used excessive force against Plaintiffs.

62. As a direct and proximate result of the heretofore described unlawful and malicious acts of Defendants CITY OF CERES and ART DE WERK, Plaintiffs were deprived of their right to be secure in their persons, against unlawful and unreasonable seizure of their persons, to equal protection of the laws, and to due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

///

63. For Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA on the FIRST CAUSE OF ACTION as follows:

   a. For compensatory damages, in an amount of $500,000.00;

   b. For punitive damages, in an amount of $2,000,000.00;

   c. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

   d. For costs of suit incurred in this action; and

   e. For such other and further relief as the Court deems proper.

///

64. For Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA on the SECOND CAUSE OF ACTION as follows:

   a. For compensatory damages, in an amount of $500,000.00;

   b. For punitive damages, in an amount of $2,000,000.00;

   c. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

   d. For costs of suit incurred in this action; and

   e. For such other and further relief as the Court deems proper.

Complaint for Damages [42 U.S.C. Section 1983]

65. For Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA on the THIRD CAUSE OF ACTION as follows:

    a. For compensatory damages, in an amount of $500,000.00;

    b. For punitive damages, in an amount of $2,000,000.00;

    c. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    d. For costs of suit incurred in this action; and

    e. For such other and further relief as the Court deems proper.

66. For Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants JULIO AMADOR, DEDRA BORGES, JASON COLEY, PAT DAYTON, BRYAN FERREIRA, MIKE PEREZ, and JON VERA on the FOURTH CAUSE OF ACTION as follows:

    a. For compensatory damages, in an amount of $500,000.00;

    b. For punitive damages, in an amount of $2,000,000.00;

    c. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    d. For costs of suit incurred in this action; and

    e. For such other and further relief as the Court deems proper.

67. For Plaintiffs ELIDA ARIAS and JOSE J. MARTINEZ against Defendants CITY OF CERES and ART DE WERK on the FIFTH CAUSE OF ACTION as follows:

    a. For compensatory damages, in an amount of $ 500,000.00;

    b. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    c. For costs of suit incurred in this action; and

    d. For such other and further relief as the Court deems proper.

Dated: April 12, 2012

Respectfully submitted,

LAW OFFICE OF FRANK PACHECO

By *Frank M. Pacheco*
FRANK M. PACHECO
Attorney for Elida Arias and Jose Martinez, Plaintiffs

Complaint for Damages [42 U.S.C. Section 1983]

///

## DEMAND FOR JURY TRIAL

Plaintiffs ELIDA ARIAS and JOSE MARTINEZ hereby demand a jury trial.

Dated: April 12, 2012

Respectfully submitted,

LAW OFFICE OF FRANK PACHECO

By: *Frank M. Pacheco*
FRANK M. PACHECO
Attorney for Elida Arias and Jose Martinez,
Plaintiffs

///

## VERIFICATION

We, ELIDA ARIAS and JOSE J. MARTINEZ, are the Plaintiffs in the above-entitled action. We have read the foregoing Complaint and know the contents thereof. The same is true of our own knowledge, except as to those matters which are therein alleged on information and/or belief, and as to those matters, we believe them to be true.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed at Stockton, California.

Dated: April 12, 2012.

*Elida Arias*
Elida Arias

*Jose J. Martinez*
Jose J. Martinez

---

Complaint for Damages [42 U.S.C. Section 1983]